# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| MARIA HERNANDEZ DE HERNANDEZ § | |
| *Plaintiff*, § | |
| v. § | |
| § | C.A. NO.: 4:23-CV-10 |
| PILOT OF TEXAS LLC § | |
| *Defendants* § | |

## **DEFENDANT PILOT OF TEXAS LLC.'S NOTICE OF REMOVAL**

Defendant, Pilot of Texas LLC. files this Notice of Removal pursuant to 28 U.S.C. § 1441.

## I.   INTRODUCTION

1.   Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 83rd Judicial District Court, in Pecos County, Texas, where this matter was pending under Cause No. P-8565-83-CV, in a matter styled, *Maria Hernandez de Hernandez v. Pilot of Texas LLC*.

## II.   NATURE OF SUIT AND FACTS RELEVANT TO REMOVAL

2.   Plaintiff's lawsuit is a premises liability claim arising from an alleged fall that occurred on or about March 16, 2021, on Defendant's premises. *See Exhibit A*.

3.   On February 7, 2023, Defendant received a demand from counsel for Plaintiff in the amount of $250,000.00 for injuries Plaintiff claims are related to the subject incident. *See Exhibit B.*

4.   On February 21, 2023, Plaintiff filed her Original Petition in the 83rd District Court of Pecos County.  Plaintiff claims she seeks monetary relief of "up to but no more than $74,000.00, excluding pre-judgment and post-judgment interest, statutory or punitive damages and penalties."

5.   Plaintiff asserts the following damages: (a) Past Medical Expenses; (b) Future Medical Expenses; (c) Past Mental Anguish; (d) Future Mental Anguish; (e) Past Physical Impairment; (f)

Future Physical Impairment; (g) Past Physical Pain/Suffering; and (f) Future Physical Pain/Suffering. The Petition also seeks recovery of Pre and Post Judgment Interest and Court costs.

### III.    TIMELINESS OF REMOVAL

6.    Plaintiff commenced this lawsuit by filing her Original Petition on February 21, 2023. Defendant was served with citation on February 23, 2023.  Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within thirty (30) days after receipt of information from which it may first be ascertained that the case is one which is removable.

### IV.    BASIS FOR REMOVAL JURISDICTION

7.    Removal is proper under 28 U.S.C. §§1441 and 1332(a) because there is a complete diversity of citizenship between Plaintiff and Defendant in this lawsuit and it is facially apparent the amount in controversy likely exceeds $75,000.00.

**A.    Proper Parties**

8.    The plaintiff is and was at the time of filing of this action, a citizen and resident of Maricopa County, Arizona.

9.    Defendant Pilot of Texas LLC. is now and was at the time of the filing of this action a Missouri corporation with its principal place of business in Tennessee.

**B.    Amount in Controversy**

10.    Plaintiff's Petition asserts she is seeking monetary relief of "up to but no more than $74,000.00, excluding pre-judgment and post-judgment interest, statutory or punitive damages and penalties."  This pleading does not comply with Texas Rules of Civil Procedure 47, which provides, in relevant part:

> An original pleading which sets forth a claim for relief . . . shall contain . . . a statement that the party seeks: (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or (2) monetary relief of $100,000 or less and non-monetary

relief; or (3) monetary relief over $100,000 but not more than $200,000; or (4) monetary relief over $200,000 but not more than $1,000,000; or (5) monetary relief over $1,000,000 . . . .

11. A statement in a petition limiting damages to $75,000.00 or less does not preclude removal since it is not binding, and litigants who want to prevent removal must file a binding stipulation or affidavit with their petition. *See Espinoza v. Allstate Tex.* Lloyds, 222 F. Supp. 3d, 529 (W.D. Texas 2016); *see also Jimenez v. Allstate Vehicle & Prop. Ins. Co.*, 2020 U.S. Dist. LEXIS 194811, citing *DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1413 (5th Cir. 1995) ("[W]hen, in contravention of state law, a plaintiff specifically alleges that her damages will not exceed the jurisdictional amount, her pleading is not made in good faith . . . .").

12. Where state law prevents a plaintiff from alleging a specific amount of damages in the complaint, a defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

13. In this instance, Plaintiff's pre-suit demand letter sets forth a demand for $250,000.00. In the demand, counsel for Plaintiff claims that Plaintiff suffered the following injuries: (a) fractured ribs; (b) closed displaced left lateral malleolus fracture; (c) contusion and sprain of right knee; and (d) right shoulder pain.

14. Taking into consideration the injuries and damages alleged by Plaintiff in both the demand letter and Petition, Plaintiff is seeking damages that exceed the jurisdictional requirements of $75,000.00, exclusive of interest and costs. Defendant asserts it has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

## V.   NOTICE IS PROCEDURALLY CORRECT

15. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81 as follows:

> A: Index of all attachments, including a copy of the state-court docket sheet and a copy of each document filed in the State Court Action;
>
> B: All executed process in the State Court Action[1]; and
>
> C: List of all counsel, including addresses, telephone numbers and parties represented.

16. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because no properly joined and served Defendant is a citizen of Texas, the state in which the action was brought. This action is removable to this Court because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§124(a)(1), 1441(a).

17. In accordance with 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all parties and to the Clerk of the 83rd Judicial District Court in Pecos County, Texas.

DATED:  March 23, 2023.

---

[1] Defendant has requested a copy of all documents filed in the state court lawsuit from the Pecos County District Clerk on March 22, 2023. *See* **EXHIBIT A** attached hereto. Defendant submitted this request in writing as the Pecos County District Court documents are not available online. In order to fully comply with the Western District local rules, Defendant requested the citations for Defendant, and the state court docket sheet; however, Defendant is still waiting on the documents from the Pecos County District Court. In an abundance of caution and due to the upcoming removal deadline, Defendant filed this Notice of Removal without some the documentation, but will supplement as soon as the documents are received by Defendant from the state court.

Respectfully submitted,

**GAUNTT, KOEN, BINNEY & KIDD, L.L.P.**

*/s/ Karl W. Koen*
**KARL W. KOEN**
State Bar No.: 11652275
*karl.koen@gkbklaw.com*

**ROBERT J. COLLINS**
State Bar No.: 24031970
*robert.collins@gkbklaw.com*

**MARK D. SIEMER**
State Bar No.: 24110361
*Mark.Siemer@gkbklaw.com*

14643 Dallas Parkway, Suite 570
Dallas, Texas  75254
(972) 630-4620 – Telephone
(972) 630-4669 – Fax

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record pursuant to the Federal Rules of Civil Procedure, as indicated below, on this the 23rd day of March, 2023.

**Via Pro Doc and Email**
Ms. Laura M. Rivas
Shamieh Law, PLLC
1111 Mockingbird Lane, Suite 1160
Dallas, Texas  75247

*/s/ Karl W. Koen*
**KARL W. KOEN**

Case 4:23-cv-00010-DC   Document 1   Filed 03/23/23   Page 6 of 11

P-8565-83-CV   2/21/2023

Pecos County - District Clerk

Filed: 2/21/2023 9:23 AM
Darla Cude,
District Clerk
Pecos County, Texas

Nancy Guevara

CAUSE NO. P-8565-83-CV _____

| | | |
|---|---|---|
| **MARIA HERNANDEZ DE HERNANDEZ,** | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | \_\_\_\_\_ JUDICIAL DISTRICT |
| **PILOT OF TEXAS LLC** | § § § | |
| *Defendant.* | § | PECOS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Maria Hernandez de Hernandez files her Original Petition complaining of Defendant Pilot of Texas LLC and respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff seeks monetary relief of up to but no more than $74,000.00, excluding pre-judgment and post-judgment interest, statutory or punitive damages and penalties, and costs. Plaintiff request this case be placed into a Level 1 Discovery Control Plan.

### II.
### PARTIES

2. Plaintiff <u>Maria Hernandez de Hernandez</u> is an individual who resides in Maricopa County, Arizona. The last three digits of her Arizona driver's license are 826. The last three digits of her social security number are 856.

3. Defendant <u>Pilot of Texas LLC</u> is a foreign limited liability company formed under the laws that govern the state of Tennessee and doing business in Texas. Said Defendant may be served with process through its registered agent, <u>CT Corporation System</u>, at <u>1999 Bryan St., Suite 900, Dallas, Texas 75201</u> its registered office. **A citation is requested at this time.**

## III.
## JURISDICTION AND VENUE

4. This Court maintains subject-matter jurisdiction over this matter because the amount in controversy is within the minimum jurisdictional limits. This Court maintains jurisdiction over Defendants Pilot of Texas LLC because these Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas, and the maintenance of this suit in this venue does not offend traditional notions of fair play and substantial justice.

5. Venue is proper in Pecos County, Texas because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Pecos County, Texas. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## IV.
## BACKGROUND FACTS

6. On March 16, 2021, Plaintiff visited the Flying J Travel Center truck stop located at 2571 N. Front St., Fort Stockton, Texas 79735 (the "Premises") to get some snacks. As she was arriving to her vehicle, she fell due to stepping on an uneven portion of the pavement. There was no sign or warning of the uneven portion of the pavement on the premises. Upon information and belief, at all times relevant, this Flying J Travel Center was owned and/or operated by Defendant.

7. Plaintiff's injuries were caused by one or more negligent acts and/or omissions on the part of Defendant. The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries. The fall and all damages and injuries resulting from the fall were not caused nor contributed to by Plaintiff or an innocent third party; but were caused solely by the acts, wrongs, and/or omissions of Defendant, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages Plaintiff's sustained.

## V.
## **PREMISES LIABILITY**

8. Defendant owned and/or were in possession and/or control of the Premises at the time Plaintiff slipped and fell. Plaintiff entered the premises as a business patron for their mutual benefit. A condition on the Premises, specifically the wet floor, posed an unreasonable risk of harm. Defendant knew or should have known of the dangerous condition. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty induced the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by not inspecting and/or warning nor curing the unreasonably dangerous condition. Defendants' breach of duty proximately caused the injuries to Plaintiff.

## VI.
## **DAMAGES**

9. As a direct and proximate cause of Defendant's conduct described herein, Plaintiff has incurred the following damages:

    a.    Reasonable and necessary medical care and expenses in the past;

    b.    Reasonable and necessary medical care and expenses which Plaintiffs will, in all reasonable probability, incur in the future;

    c.    Mental anguish in the past;

    d.    Mental anguish which Plaintiffs will, in all reasonable probability, incur in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which Plaintiffs will, in all reasonable probability, incur in the future;

    g.    Physical pain and suffering in the past; and

    h.    Physical pain and suffering which Plaintiffs will, in all reasonable probability, incur in the future.

## VII.
## JURY DEMAND

10. Plaintiff request a jury trial of this matter. Plaintiffs tender the proper jury fee with the filing of Plaintiff's Original Petition.

## VIII.
## RULE 193.7 NOTICE

11. Notice is hereby given of Plaintiff's intention to use any of the documents exchanged in this case during any hearings, depositions, and in the trial for this matter. *See* TEX. R. CIV. P 193.7.

## IX.
## REQUEST FOR RELIEF

12. Plaintiff request that Defendant be cited to appear and that, upon final trial, they recover judgment from Defendant for:

   a. Actual damages within the jurisdictional limits of the Court;

   b. Pre-judgment interest at the maximum rate allowed by law;

   c. Post-judgment interest at the maximum rate allowed by law;

   d. Costs of court; and

   e. Such other and further relief to which Plaintiffs may be entitled at law or equity.

Respectfully submitted,

*/s/ Laura M. Rivas*
Laura M. Rivas
Texas State Bar No. 24096510
laura@shamiehlaw.com

**SHAMIEH LAW, PLLC**
1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
214-389-7333 telephone
214-389-7335 facsimile
**ATTORNEY FOR PLAINTIFF**



1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
P: 214-389-7333
F: 214-389-7335

RAMEZ F. SHAMIEH
ATTORNEY
ramez@shamiehlaw.com
Licensed in Texas, Louisiana, and New York

February 7, 2023

**VIA EMAIL: joy.spaulding@pilottravelcenters.com**
Joy Spaulding
Pilot Travel Centers, LLC
P.O. Box 10146
Knoxville, TN 37939
Phone (865) 474-2163

**CONFIDENTIAL AND FOR SETTLEMENT PURPOSES ONLY**
**OFFER OF SETTLEMENT PURSUANT TO STOWERS**

|   |   |
|---|---|
| Re: | Maria Hernandez vs Pilot Travel Centers, LLC |
| Claim Number: | GC2021172522 |
| Date of Accident: | March 16, 2021 |
| Our Client No.: | 2063 |

Dear Ms. Joy Spaulding:

   I am providing you with a confidential demand package that includes a summary of my client's damages.  I have enclosed the medical and billing records related to the above-referenced matter.   Due to your insured's negligence, Maria Hernandez incurred the following damages:

   On March 16, 2021, Maria Hernandez exited Pilot Travel Centers LLC – 553 located at 2571 N. Front Street, Fort Stockton, TX 79735.   As Ms. Hernandez exited the store walking toward gas pump and tripped on uneven pavement and fell with no visible warnings or cautions. Maria Hernandez's injuries were caused by the fault and negligence of Pilot Travel Centers LLC – 553, as follows:

   a) Failure to maintain the premises in a safe condition.
   b) Failure to inspect the premises to insure against unsafe conditions.

**EXHIBIT B**

      c)      Failure to warn guests of unsafe conditions on the premises.
      d)      Failure to properly patrol and supervise the premises.
      e)      Failure to provide a safe environment for its guests, and
      f)      Allowing the premises to become dangerous without taking precautions to safeguard the safety of their guests.

Pilot Travel Centers LLC – 553 is liable for the damages and injuries suffered by Maria Hernandez for allowing their premises to become unsafe, defective and dangerous.

As a result of the above-described incident, Maria Hernandez suffered injuries of fractured ribs, closed displaced left lateral malleolus fracture (ankle), contusion and sprain of right knee, right shoulder pain. Maria Hernandez has suffered emotionally and mentally because of her injuries, causing her past, present and future physical pain and suffering, mental anguish and anxiety.  As a result of said injuries, Maria Hernandez has incurred past medical, rehabilitation and pharmacy expenses, and will incur additional future medical, rehabilitation and pharmacy expenses, and has suffered loss of enjoyment of life, past, present and future. Due to your insured's negligence Maria Hernandez incurred the following damages:

| **Medical Provider:** | **Amount:** |
|---|---|
| Pecos County Memorial Hospital | $ 1,785.42 |
| VHS Outpatient Clinics Inc | $ 3,636.00 |
| Banner Urgent Care | $ 539.00 |
| Spooner Physical Therapy (Goodyear) | $ 3,641.00 |
| **Total:** | **$ 9,601.42** |

I have been authorized to settle this claim for $250,000.00.  This demand is made in good faith pursuant to G.A. Stowers Furniture Co. v. American Indemnity Co., 14 S.W. 2d 544 (Tex. Comm'n App. 1929 holding approved) and Ranger County Mutual Ins. Co. v. Guin, 723 S.W. 2d 656 (Tex. 1987).  This demand will remain in effect until 5:00 p.m. on Tuesday, February 21, 2023 and after such time it will be withdrawn.  In the event the above demand is accepted, my client will fully release your insured and the insurance carrier from all claims or potential claims including a release from all medical liens, medical providers and subrogation claims.  Feel free to contact me if there is anything else you need to properly evaluate this claim.

      Best regards,

      *Ramez F. Shamieh*
      Ramez F. Shamieh